IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to** <br><br> 2:22-cv-04541-RMG <br> 2:23-cv-05882-RMG <br> 2:23-cv-05982-RMG <br> 2:23-cv-05983-RMG <br> 2:23-cv-05987-RMG <br> 2:23-cv-06023-RMG <br> 2:23-cv-06114-RMG <br> 2:23-cv-06310-RMG <br> 2:23-cv-06468-RMG <br> 2:23-cv-06472-RMG <br> 2:23-cv-06475-RMG <br> 2:23-cv-06476-RMG <br> 2:23-cv-06486-RMG <br> 2:23-cv-06549-RMG <br> 2:23-cv-06607-RMG <br> 2:23-cv-06705-RMG <br> 2:23-cv-06729-RMG <br> 2:23-cv-06737-RMG <br> 2:23-cv-06904-RMG <br> 2:24-cv-00055-RMG <br> 2:24-cv-00084-RMG <br> 2:24-cv-00186-RMG <br> 2:24-cv-00188-RMG <br> 2:24-cv-00340-RMG <br> 2:24-cv-01191-RMG |

**DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBITS TO THEIR RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS**

Pursuant to Local Civil Rule 5.03, DSC, Case Management Order No. 17, and as required

by Paragraph 8 of Case Management Order No. 4.A, Defendants moves to seal certain exhibits to

1

Defendants' Response to Plaintiffs' Motion for Leave to File First Amended Complaints [ECF No. 7443, Exhibits A and D].[1]  The grounds for this Motion are as follows:

(1)    Defendants' Response to Plaintiffs' Motion for Leave to File First Amended Complaints cites to documents that contain information that have been designated as CONFIDENTIAL pursuant to the Confidentiality Order entered in this case.  The parties may only designate documents as Confidential "if it has a good-faith basis to believe that the Document or Information is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents, Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, information that is not publicly available, Confidential Health Information, or information that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure." CMO No. 4.D ¶ 2.e [ECF No. 3864].

(2)    The confidential information referenced above will become publicly available when Defendants file their Response to Plaintiffs' Motion for Leave to Amend, if not sealed.  Therefore, to protect the confidentiality of information contained therein, Defendants request that certain exhibits to Defendants' Response be filed under seal.  Less drastic alternatives to sealing would not afford adequate protection for the confidential exhibits that are the subject of this Motion as redacting the exhibits would render them meaningless.  *See May v. Medtronic, Inc.*, No. 6:05-cv-794, 2006 WL 1328765, *1 (D.S.C. May 15, 2006) (granting motion to seal when redactions would have rendered the documents meaningless).

---

[1] A separate supporting memorandum is not being submitted because, under Local Civil Rule 7.04 DSC, a full explanation is set forth herein and a separate memorandum would serve no useful purpose.

(3) Defendants address the factors governing sealing of documents reflected in *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), citing *In re Knight Publishing Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984) as follows:

   a. Public notice of this request to seal and to allow interested parties a reasonable opportunity to object will be provided by the Clerk of Court pursuant to requirements set forth in Local Civil 5.03(D), DSC. Further, Defendants' non-confidential, descriptive index of the documents at issue will provide any interested party ample notice of the specific items this Motion seeks to protect.

   b. As previously discussed, no less drastic alternative to sealing is believed to be adequate under the circumstances. The subject exhibits are integral to Defendants' Response and are being filed in redacted format.

   c. Granting the request to seal is appropriate because the subject exhibits contain confidential information and have been designated by Plaintiffs as CONFIDENTIAL pursuant to the Confidentiality Order in this case. Accordingly, the need for sealing these documents outweighs the public right of access to these exhibits.

(4) As required by Local Civil Rule 5.03(B) and CMO No. 17, this Motion is accompanied by:

   a. Exhibit A: a non-confidential descriptive index of the documents sought to be sealed;

   b. Exhibit B: counsel's certification of compliance with Local Civil Rule 5.03, DSC, and CMO No. 17;

   c. A placeholder sheet stating, "Confidential Documents Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17"; and

        d.      A proposed order.

(5)    Pursuant to CMO No. 17, Defendants are submitting for *in camera* review a copy of the confidential exhibits that are the subject of the present Motion via email.

(6)    Counsel for Plaintiffs have been consulted and consent to this Motion.

Wherefore, having complied with the requirements of Local Civil Rule 5.03, DSC, and CMO No. 17, Defendants respectfully request that the Court enter an Order sealing the documents listed in Exhibit A.

Respectfully submitted,

Dated: June 30, 2025

/s/ *Joseph G. Petrosinelli*
Joseph G. Petrosinelli
Williams & Connolly LLP
680 Maine Ave., S.W.
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

Michael A. Olsen
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
molsen@mayerbrown.com

*Co-lead Counsel for Defendants*

/s/*David E. Dukes*
David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9451
F: (803) 256-7500
david.dukes@nelsonmullins.com

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

*Co-liaison Counsel for Defendants*

5